**In the MATTER OF: N.C.D., a minor.**

### No. SD 34760

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: October 18, 2017

Attorney for Appellants—David A. Osborne of Rolla, MO.

Respondent Acting Pro Se—Danielle Creek nee Huffman of Grain Valley, MO.

Attorney for Minor Child—Kenneth G. Clayton of Waynesville, MO.

Nancy Steffen Rahmeyer, P.J.

In a guardianship of a minor case, the trial court relied upon a court of appeals decision, which held that the applicable burden of proof for cases involving minor guardianships under section 475.030.4, RSMo 2000, was clear and convincing evidence, to find against the minor's grandparents who were seeking guardianship of the minor ("Appellants"). The day after the trial court entered its judgment, the Supreme Court ordered the court of appeals cause transferred. Subsequently, the Supreme Court, though declining to decide whether section 475.030.4 was constitutionally valid because the appellant failed to preserve the issue, squarely held that "[t]he burden of proof in a guardianship proceeding involving a minor under section 475.030.4 is proof by a preponderance of the evidence, not proof by clear and convincing evidence," and "[t]he trial court did not err if it applied a preponderance of the evidence standard in this guardianship proceeding." *In the Matter of A.L.R.*, 511 S.W.3d 408, 410, 413 (Mo. banc 2017).

Following the trial court's judgment in which the issue of the proper burden of proof first appeared, Appellants promptly filed a motion for reconsideration of the judgment. In the motion, the grandparents challenged the trial court's determination that the burden of proof under section 475.030.4 was clear and convincing. Appellants renew this challenge before us in the first of their two points, which we grant.

Finding against a party with the burden of proof at trial through the application of an improperly heightened burden of proof merits reversal of the judgment and remand for application of the proper burden of proof by the finder of fact. In remanding, we make no determination regarding the merits of the appeal. The trial court is free to take further evidence at its discretion.[1] It is so ordered.

Jeffrey W. Bates, J.—Concurs

William W. Francis, Jr., J.—Concurs

---

1. Appellants' points do not challenge the judgment on the merits.